UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GEORGE R. JEWETT,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-11-0017-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment, noted for hearing without oral argument on June 15, 2012, ECF Nos. 18, 20. Attorney R. Gary Ponti represents Plaintiff; Special Assistant United States Attorney Kathy Reif represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge, ECF No. 9. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's motion for summary judgment, **ECF No. 20.**

**JURISDICTION**

Plaintiff applied for disability insurance benefits and supplemental security income (SSI) under Sections 216(i), 223(b) and 1614(a)(3)(A) of the Social Security Act on November 14, 2006 and November 15, 2006 respectively. He alleged disability as of January 1, 2003 (Tr. 143-153). The application was denied

initially on December 14, 2006 and on reconsideration, September 13, 2007 (Tr. 76-79, 74-75).

At a hearing before Administrative Law Judge (ALJ) Michael S. Hertzig on October 19, 2009, Plaintiff, represented by counsel, and a vocational expert testified (Tr. 29-71). On January 22, 2010, the ALJ issued an unfavorable decision (Tr. 16-23). The Appeals Council denied review on November 24, 2010 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 13, 2011 (ECF No. 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. This court will adopt those facts and provide a brief summary.

Plaintiff was 44 years old at the hearing. He went to school through the eighth grade but did not earn a GED. He has worked as a logger, construction worker, irrigator of circular sprinkling systems, and cannery laborer (Tr. 35-36, 37). He last worked in June or July 2006 but stopped due to heart problems and chest pains (Tr. 36). Plaintiff testified he has gotten two stents since he filed for Social Security benefits (Tr. 37). He lives alone in a camper trailer and is able to drive, cook, clean and do his own laundry (Tr. 48). He states that he is 5'8" tall and weighs 300 pounds, which has been his weight for several years (Tr. 56). When he worked, he weighed from 180-220 pounds (Tr. 56). He states he is trying to be on a diet but doesn’t know if he has lost any weight due to the limitations of his scale, which only measures up to 250 pounds (Tr. 37, 55, 56). He states that

he hunts deer and elk but explained that he sits in his brother-in-law's field and shoots elk (Tr. 51-53). Although he is trying to walk at least five minutes a day per doctor's orders, he states he gets tired easily, has trouble breathing, and has chest pains when he exerts himself (Tr. 49. 53, 54). He states he has to take a nitro pill for chest pains, which he experiences about once a week (Tr. 50, 51, 58, 60). He stated his goal is to lose weight and get his cholesterol down (Tr. 55). He testified he still smokes cigarettes on a daily basis, when he stops to see his wife living at another location, but has been taking Chantix to help him stop this "hard addiction" (Tr. 38, 39, 40, 45, 47). He takes about 80 milligrams of Lasix per day (Tr. 54).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity (RFC) assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education

and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v. Heckler*, 785 F.3d 1423, 1425 (9th Cir.1986). The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett,* 180 F.3d at 1097 (9th Cir.1999). “The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v.*

*Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings and the decision is not based on legal error, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

**ALJ'S FINDINGS**

At step one the ALJ found Plaintiff did not engage in substantial gainful activity after onset (Tr. 18). At step two he found Plaintiff suffers from coronary artery disease, a severe

impairment (Id.). At step three the ALJ found the impairment did not meet or equal a Listed impairment (Tr. 19). The ALJ found Plaintiff less than fully credible (Tr. 20). At step four, he relied on a vocational expert and found Plaintiff was unable to perform past relevant work (Tr. 21).

The ALJ found that the Plainitff had an RFC to perform light work as defined in 20 CRF 404.1567(b) and 416.967(b), finding that he could occasionally climb, but should avoid concentrated exposure to workplace heights, and needed to alternate sitting and standing (Tr. 19). The ALJ also found he could lift no more than 20 pounds occasionally, but frequently lift up to 10 pounds. The ALJ also noted that he could lift very little, but the job category would include a good deal of walking or standing.

The ALJ concluded that based on the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 22).

**ISSUES**

Plaintiff alleges the ALJ erred by failing to take into consideration Plaintiff's diagnosis of obesity as that diagnosis would impact other medical diagnoses, as well as his residual functional capacity assessment (ECF No. 18 at 2).

Plaintiff also alleges the ALJ erred by discounting his testimony without having a physician examine him and fully evaluate the nature and extent of his alleged limitations based on fatigue and pain. *Id.*

The Commissioner disagrees, asserting the ALJ's decision is supported by substantial evidence and free of legal error. The

Commissioner asks the Court to affirm the Agency's final decision that Plaintiff was not disabled under the Social Security Act (ECF No. 20 at 3).

**DISCUSSION**

**A. Obesity and Plaintiff's RFC**

Plaintiff alleges that the ALJ failed to consider the impact of his obesity on his impairments, residual functional capacity, and hence ability to work. (ECF No. 18 at 3-6). Plaintiff points out that he underwent stress exercise tolerance tests and was deemed to have moderate physical limitations due to fatigue (ECF No. 18 at 5). Further, records filed on November 4, 2009, showed that Plaintiff had severe sleep apnea as diagnosed by Dr. Kamaljit K. Atwal, which was not addressed or commented on by the ALJ. *Id*. Plaintiff states that on May 6, 2009 he had a Body Mass Index ("BMI") of 44.7, but the ALJ "glossed over it without comment or consideration." *Id.* Plaintiff concludes that the ALJ failed to properly develop this case as it relates to the impact Plaintiff's excess weight had on his capacity for physical activity. *Id*. at 7-8.

The Commissioner, on the other hand, asserts that Plaintiff's contention that the ALJ failed to evaluate his obesity when defining Plaintiff's residual functional capacity is refuted by the ALJ's decision. The ALJ did not err, the Commissioner argues, by not finding Plaintiff's obesity severe at step two in the evaluation process (ECF No. 20 at 5). The Commissioner states that step two is a threshold determination according to *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). Once step two is resolved in a claimant's favor, the importance of the records is

whether they establish any work-related limitations. Id. The Commissioner concludes that Plaintiff has not raised an error because any limitations arising from Plaintiff's obesity were accommodated in the residual functional capacity. *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005) (When an ALJ does not find obesity severe at step two, the ALJ does not err if the limitations from obesity are included in the residual functional capacity.).

The Commissioner also asserts that Plaintiff is incorrect in stating that the ALJ did not follow the guidance in SSR 02-1, because an ALJ is not to make assumptions about the functional effects of obesity combined with other impairments. ECF No. 20 at 6-7. Rather it is Plaintiff's obligation to provide evidence of limitations arising from his impairments. 20 C.F.R. §§ 404.1512(a), 416.912(a). *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish h[is] entitlement to disability insurance benefits.").

**1. Pertinent Facts**

The medical records contain many varying measurements of Plaintiff's height and weight. Plaintiff's height has been measured as five feet and ten inches, five feet nine inches, five feet eight inches (Tr. 205, 219, 319, 371, 373, 408, 482, 503, 506, 521). His weight has been measured anywhere from 240 pounds to 298 pounds. (Tr. 219, 230, 319, 373, 408, 433, 482, 503, 506).

On one occasion, a physician at Inland Cardiology noted that Plaintiff was well-developed, well-nourished, appeared to be his stated age, and in no acute distress. The physician did not make any findings that Plaintiff's obesity constituted a medical

impairment, that it was severe, or that it caused any functional limitations, separately, or in combination with Plaintiff's other alleged impairments (Tr. 219). On another occasion, a different physician at Inland Cardiology too noted he was well-nourished, but did not make any findings that Plaintiff's obesity constituted a medical impairment, that it was severe, or that it caused any functional limitations, separately, or in combination with Plaintiff's other alleged impairments (Tr. 376, 377).

At the hearing, the ALJ recited Plaintiff’s testimony in 2009 that he weighed 300 pounds and had been at that weight for the past three years (Tr. 20, 56). The ALJ also noted Plaintiff’s testimony that he weighed 180 to 220 pounds when he was working (Tr. 20, 56). The ALJ found that Plaintiff had lost 18 pounds by August 2007 (Tr. 20), referencing a report reciting Plaintiff’s weight to be 272 pounds (Tr. 432-33). Plaintiff’s counsel also argued at the hearing that Plaintiff’s weight caused shortness of breath (Tr. 56-57). However, when the ALJ asked for medical documentation supporting that argument, counsel admitted none existed (Tr. 57).

**2. Applicable Law**

SSR[1] FN6 02–1p directs adjudicators to consider the effects of obesity not only under the listings but also when assessing a

---

[1] Social Security Rulings “represent precedent final opinions and orders and statements of policy and interpretations that we have adopted.” 20 C.F.R. § 402.35(b)(1). Social Security Rulings are “binding on all components of the Social Security Administration.” Heckler v. Edwards, 465 U.S. 870, 873 n. 3, 104 S.Ct. 1532, 79 L.Ed.2d 878 (1984); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir.2000) (“This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations”). SSR 02–01p, 2000 WL 628049, at *4 (Sept. 12, 2002).

claim at other steps of the sequential evaluation process, such as the assessment of an individual's RFC. The Ruling explains how obesity may increase the severity of related impairments, particularly musculoskeletal and respiratory impairments, and explains how the effects of obesity should be evaluated. An ALJ must evaluate the additional impact of a claimant's obesity both singly and in combination with the claimant's other impairments.

At step two of the sequential evaluation, the ALJ did not include obesity as a severe impairment. There is, however, some discussion in the ALJ's written decision regarding Plaintiff's weight and consideration of his shortness of breath symptom. But no medical documentation existed to attribute this symptom to obesity rather than coronary artery disease. At step four of the sequential evaluation, the ALJ determined that Plaintiff's residual functional capacity was limited to light work, with no prolonged standing or walking, no climbing of ladders, ropes, or scaffolds, lifting no more than 20 pounds occasionally with frequent lifting or carrying of objects weighing up to 10 pounds.

In his decision, the ALJ noted that Plaintiff reported to his medical providers that he experienced shortness of breath with minimal activity in April 2007 (Tr. 20). The ALJ also noted that by August 2007, Plaintiff’s shortness of breath showed 50 % improvement (Tr. 20). The decision considered the state agency physician’s opinion that, considering this symptom [of shortness of breath] and his physical impairments, Plaintiff would be capable of light work that involved no more than occasional climbing of ladders, ropes, or scaffolds or concentrated exposure to hazards (Tr. 21, 464-67, 470). Therefore, Plaintiff’s shortness

of breath, regardless of its cause, was accommodated.

The ALJ additionally found that, based on Plaintiff’s testimony that he tired easily and that his legs swelled when he sat too long (Tr. 20), Plaintiff also needed a restriction to work that allowed him to alternate sitting and standing (Tr. 19). Thus, even if Plaintiff’s shortness of breath, fatigue, and swelling were attributable to his obesity rather than his coronary artery disease, those symptoms were accommodated in the residual functional capacity.

The ALJ found that Plaintiff’s medically determinable impairment, coronary artery disease, could reasonably be expected to cause the alleged limitations/symptoms discussed at the hearing and in the ALJ’s decision. These limitations are consistent with those of the state agency physician Dr. Norman Staley, M.D., who was aware of Plaintiff's weight and which limitations appear to consider Plaintiff's obesity impairment (Tr. 464). Dr. Norman Staley, M.D. also found it noteworthy that Plaintiff’s shortness of breath and chest pain symptoms had shown 50% improvement according to Plaintiff’s most recent cardiac evaluation available for review.

At the time of the hearing, Plaintiff cited no evidence in the record that the severity of his impairment [coronary artery disease] was increased by his obesity such that <u>additional</u> limitations were required. Plaintiff's argument concerning the ALJ’s alleged failure to rely on substantial evidence in the record to determine the RFC and the alleged failure to evaluate the impact of his obesity is unpersuasive. The court therefore finds no error in the ALJ's application of SSR 02–1p to the facts

of this case.

**3. Conclusion**

In short, on the facts presented here, Plaintiff has failed to show that the ALJ's assessment and findings regarding Plaintiff's obesity were erroneous. See *Hoffman v. Astrue*, 266 Fed. Appx. 623, 625 (9th Cir.2008) (ALJ's failure to consider plaintiff's obesity in relation to residual functional capacity proper because plaintiff failed to show how obesity in combination with another impairment increased severity of limitations); *see also Burton v. Astrue*, 310 Fed. Appx. 960, 961 n. 1 (9th Cir.2009) (rejecting plaintiff's assertion that ALJ failed adequately to consider plaintiff's obesity where plaintiff failed to specify how his obesity limited his functional capacity or how it exacerbated his currently existing condition; noting that ALJ's consideration of obesity in overall assessment that plaintiff was capable of working was proper).

**B. Credibility**

Plaintiff argues that the ALJ erred by discounting the testimony of Plaintiff without having a physician examine Plaintiff and evaluate the nature and extent of Plaintiff’s alleged limitations based on fatigue and pain. Plaintiff challenges the finding of questionable credibility on the basis of an opinion given by nurse practitioner, K. Casseday, ARNP, his “primary care giver.” (Tr. 38, 269). In January 2007, a few months before Plaintiff had surgery, Ms. Casseday opined that for three to six months, Plaintiff would be severely limited, primarily due to his shortness of breath (Tr. 268-69).

The Commissioner asserts that the ALJ provided several clear

and convincing reasons for finding Plaintiff not fully credible. Specifically, the Commissioner notes the ALJ found Plaintiff not fully credible because his statements were contradicted by the lack of restrictions imposed by his treatment providers (Tr. 21). Despite Plaintiff's testimony that he was limited to walking for one block, standing for a half hour to an hour, or sitting for any length of time (Tr. 53-54), none of his physicians restricted his activities. An ALJ may reject testimony contradicted by the medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The Commissioner further argues that after Plaintiff's cardiac evaluation in 2007, Plaintiff was instructed to inform his doctors of increased symptoms, but was not instructed to limit himself in his activities (Tr. 434). The ALJ additionally found Plaintiff's shortness of breath improved fifty percent in less than seven months (Tr. 20) following his surgery.

The Commissioner argues that Nurse Practitioner Casseday's opinion indicated that, in the few months leading to his surgeries, Plaintiff had a temporary increase of symptoms that were adequately treated shortly thereafter. The Commissioner concludes the ALJ reasonably inferred from the lack of restrictions that Plaintiff's testimony about the severity and persistence of his chest pains, fatigue, and shortness of breath was not fully credible.

To aid in weighing the conflicting testimony and medical evidence, the ALJ evaluated Plaintiff's credibility and found him less than fully credible (Tr. 21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with

conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Here, the ALJ gave several specific, cogent and convincing reasons for his credibility assessment. Plaintiff's testimony was contradicted by the objective evidence.

Plaintiff's statements were noted to have been somewhat inconsistent at the hearing (Tr. 45). The ALJ observed Plaintiff stating that he was "very much off the cigarettes"(Tr. 38, 45) but then admitted to smoking cigarettes on a daily basis with his wife (Tr. 39). The ALJ noted in his decision that Plaintiff drives, continues to smoke, and is getting very little treatment, suggesting his impairment is not as disabling as alleged (Tr. 21).

The ALJ's reasons for finding Plaintiff less than fully credible are clear, convincing, and supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002) (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

/ / /

**CONCLUSION**

Having reviewed the record and the ALJ’s conclusions, this court finds that the ALJ’s credibility and RFC assessment are supported by the record and free of error. The undersigned finds the ALJ’s decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant’s Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

2. Plaintiff’s Motion for summary Judgment, **ECF No. 18**, is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 23rd day of July, 2012.

S/James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE